UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MOHAMED ALHAMEDI,

             Plaintiff,

- against -

U.S. ATTORNEY GENERAL MICHAEL MUKASEY;
DEPARTMENT OF HOMELAND SECURITY
SECRETARY MICHAEL CHERTOFF; U.S.
CITIZENSHIP AND IMMIGRATION SERVICE;
U.S.C.I.S. DIRECT EMILIO T. GONZALEZ;
U.S.C.I.S. NEW YORK DISTRICT DIRECTOR
ANDREA QUARANTILLO; FEDERAL BUREAU OF
INVESTIGATION DIRECTOR ROBERT S.
MUELLER; and THE UNITED STATES OF
AMERICA,

             Defendants.

07 Civ. 2541 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiff has filed an application for $41,879.00 in attorney's fees and costs under 28 U.S.C. § 2412(d)(1)(A), a provision of the Equal Access To Justice Act (the "EAJA"). For the reasons stated below, the plaintiff's application is **denied**.

The plaintiff filed this action seeking adjudication of his application for naturalization, or, in the alternative, compelling the United States Citizenship and Immigration Service ("CIS") to adjudicate the application. In an Opinion and Order dated May 30, 2007, familiarity with which is assumed, the Court held that the "examination" contemplated by Section 336(b) of the Immigration and Nationality Act of 1952, as amended, referred to the interview conducted by the CIS, not the full

background investigation conducted by the Federal Bureau of Investigation ("FBI"). Alhamedi v. Gonzales, No. 07 Civ. 2541, 2007 WL 1573935, at *3 (S.D.N.Y. May 30, 2007). Therefore, the Court found that the 120-day statutory window to adjudicate the plaintiff's naturalization application had elapsed and as a result the Court had jurisdiction to decide the plaintiff's naturalization application. Id.; 8 U.S.C. § 1447(b). The Court remanded the matter to the CIS, finding that the FBI should complete its investigation within thirty days and that the CIS should adjudicate the plaintiff's naturalization application within thirty days of its receipt of the FBI's results. Alhamedi v. Gonzales, 2007 WL 1573935, at *4.

In relevant part, the EAJA authorizes an award of attorney's fees from the Government "to a prevailing party . . . in any civil action . . . brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

As an initial matter, the plaintiff's application does not appear to be ripe, and therefore the Court lacks jurisdiction over the application. Under the EAJA, an application for attorney's fees must be made to the Court "within thirty days of final judgment." 28 U.S.C. § 2412(d)(1)(B). A "final judgment"

means a judgment that "terminates the civil action for which EAJA fees may be received." Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991).

The Court remanded the case to the CIS to consider the plaintiff's application for naturalization on an expedited basis. In view of the possibility that further action by this Court would be necessary, no judgment was entered terminating the plaintiff's civil action. In the absence of an entry of a final judgment, an application for attorney's fees under the EAJA is premature. See id. at 103; United States v. 27.09 Acres of Land, 1 F.3d 107, 111 (2d Cir. 1993).

In any event, the application should be denied because it cannot be said that the Government's position was not "substantially justified" as required by the statute. See 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has interpreted the "substantially justified" standard to require a showing that the Government's position was "justified to a degree that could satisfy a reasonable person," or, in other words, that its position had a "reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted); see also Vacchio v. Ashcroft, 404 F.3d 663, 674 (2d Cir. 2005). When this Court rendered its initial decision rejecting the Government's argument that the FBI's full background investigation is the "examination" from which the

3

120-day window is measured, the district courts were split on this issue, although the Government candidly acknowledged that the position it advocated was the minority opinion. See Alhamedi v. Gonzales, 2007 WL 1573935, at *3 and n.3. Furthermore, as of May 30, 2007, no Court of Appeals had ruled on the issue. Courts have subsequently noted that this issue remains unsettled in the law, although the weight of authority supports this Court's ruling. See, e.g., Kiarash v. Gonzalez, No. 07 Civ. 0010, 2007 WL 2768510, at *1 (Aug. 2, 2007). The fact that a case raises a question of first impression or unsettled issues of law is properly considered as one factor in determining whether the Government's position is substantially justified. See, e.g., Firstland Int'l, Inc. v. U.S. I.N.S., No. 02-CV-4043, 2006 WL 436011, at *14-*15 (E.D.N.Y. Feb. 22, 2006). Therefore, under the circumstances of this case, it cannot be said that the Government's position was not substantially justified. See Vacchio, 404 F.3d at 675.

Finally, the plaintiff's application is deficient because it does not include the requisite documentation. The EAJA requires that an application for attorney's fees include an "itemized statement . . . stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The case law in this Circuit requires substantiation by contemporaneous time records. See N.Y.S.

4

Assn. for Retarded Children v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983). The notice of motion filed by the plaintiff indicated that a statement of fees and costs was attached, but nothing submitted by the plaintiff included an itemization of costs and expenses or contemporaneous time records. The Court would normally ask for further documentation from the plaintiff, but in view of the lack of jurisdiction and the application's lack of merit, no further submissions are warranted.

The application is therefore **denied**. The parties have advised the Court that the plaintiff has now been naturalized. Therefore, the Clerk is directed to enter judgment dismissing the Complaint as moot and to close the case.

SO ORDERED.

Dated:   New York, New York
         January 7, 2008

                                    _____
                                        John G. Koeltl
                                    United States District Judge